UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>MITCHELL VAUGHAN,<br><br>　　　　　Defendant. | CASE NO. CR19-203RSM<br><br>ORDER DENYING EMERGENCY MOTION TO REOPEN DETENTION HEARING |

This matter comes before the Court on the Emergency Motion to Reopen Detention Hearing filed by Defendant Mitchell Vaughan. Dkt. #420.[1] Mr. Vaughan moves the Court to reopen the detention hearing in this matter pursuant to 18 U.S.C. § 3142(e). The Government has responded in opposition to the motion. Dkt. #424. Oral argument has not been requested and the Court finds it unnecessary for the purposes of this motion.

Mr. Vaughan was indicted on October 17, 2019, with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). Dkt. #1. He stipulated to detention on October 28, 2019, at least in part because of outstanding Pierce County and Department of Corrections warrants. Dkt. #107; Dkt #420 at 2. Magistrate Judge Theiler issued a Detention Order finding that no condition or combination of conditions which defendant can

---

[1] The Court notes that this emergency motion has been filed consistent with the procedures set forth in General Order 03-20.

ORDER DENYING EMERGENCY MOTION TO REOPEN DETENTION HEARING – 1

meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community. Dkt. #111 at 1. She noted that Defendant has been charged with a drug offense, the maximum penalty of which is in excess of ten years and that therefore there is a rebuttable presumption against defendant as to both dangerousness and flight risk under 18 U.S.C. § 3142(e). *Id.* at 1–2. Mr. Vaughan pleaded guilty to Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), on December 2, 2020. Dkt. #398. His sentencing is scheduled for February 22, 2021. *Id*. He is currently housed at the Federal Detention Center ("FDC").

Mr. Vaughan's reason for bringing this Motion now, after being detained for more than a year, is that a recent outbreak of COVID-19 at the FDC presents a material change in circumstances. Dkt. #420 at 3. Mr. Vaughan's medical records indicate that he suffers from type 2 diabetes mellitus and asthma. *See* Dkt. #422. He has recently been prescribed medication for his diabetes and an albuterol inhaler for his asthma. *Id.* Mr. Vaughan is 34 years old. *Id.* He presents no further evidence or analysis of the severity of his conditions.

The CDC lists type 2 diabetes mellitus as an underlying medical condition that puts an adult at increased risk for severe illness from COVID-19. *See* "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated December 1, 2020) (last visited on December 21, 2020). Adults with "asthma (moderate-to-severe)" "might be" at an increased risk for severe illness. *Id*. The CDC website advises those with type 2 diabetes to continue taking diabetes medicine as usual, and advises those with moderate-to-severe asthma to keep their asthma under control and to continue to use inhalers with steroids. *Id*.

ORDER DENYING EMERGENCY MOTION TO REOPEN DETENTION HEARING – 2

A detention hearing may be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). This Court has previously recognized that the COVID-19 crisis may require a procedure for the emergency filing of motions to reopen detention hearings. *See, e.g.,* General Order 03-20. Under 18 U.S.C. § 3143(a), a person who has been found guilty of an offense shall be detained unless a judicial officer finds, by clear and convincing evidence, that they are neither a flight risk nor a danger to the community.

In prior cases, this Court has repeatedly found that generalized concerns over the current COVID-19 pandemic alone are not a valid basis to reopen the issue of detention. Although the recent outbreak at the FDC is troubling, it is essentially a generalized concern. Mr. Vaughan has not presented any citation to legal authority that such alone is a sufficient basis to reopen detention. To that end, Mr. Vaughan has focused his Motion on his own health issues.

However, the instant Motion does not directly discuss Mr. Vaughan's flight risk or danger to the community, which remain key questions. Instead, Mr. Vaughan contends that if he were released he would be immediately picked up on outstanding Pierce County warrants, moved to "a safer institution," and would therefore pose no danger to the community. Dkt. #420 at 4. Mr. Vaughan has presented no evidence that an unnamed state jail would be a "safer institution" and speculates as to what would happen upon his release from the FDC. The Court notes that effectively transferring a detainee from a facility having an outbreak to another facility *because* it is not having an outbreak could spread the virus to the new facility and therefore pose a danger to the community. This issue is not addressed in the Motion.

ORDER DENYING EMERGENCY MOTION TO REOPEN DETENTION HEARING – 3

The Court finds that Mr. Vaughan has failed to present new information with a material bearing under 18 U.S.C. § 3142(f). He has failed to demonstrate by clear and convincing evidence that his release would pose no danger to the community.

The Court notes that Mr. Vaughan's evidence as to his health conditions is vague. The Court does not know the severity of his conditions given the medicine he has been prescribed or the adequacy of his future access to medical treatment while detained. Even if the Court were presented with further evidence of the risks posed to this Defendant by the outbreak at the FDC, the Court questions whether such could be enough to justify release given the initial bases for Judge Theiler to order detention. *See* Dkt. #111 at 2 ("Defendant has a lengthy criminal history including multiples failures to appear, bench warrants, non-compliance with supervision and commission of new offenses while on supervision, use of alias names and identifiers, pending charges, outstanding warrants, drug use, history of unstable housing and a history of unemployment.").

Accordingly, having reviewed Defendant's Motion, along with the remainder of the record, the Court hereby finds and ORDERS that the "Emergency Motion to Reopen Detention Hearing filed by Defendant Mitchell Vaughan, Dkt. #420, is DENIED.

DATED this 22nd day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING EMERGENCY MOTION TO REOPEN DETENTION HEARING – 4